IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALICIA ANDERSON, | § | |
| | § | No. 75, 2026 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N25C-01-555 |
| PLANET FITNESS | § | |
| WILMINGTON, | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: March 12, 2026
Decided: March 16, 2026

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

(1)     On February 17, 2026, the appellant filed a notice of appeal from a Superior Court letter order that was dated and docketed on January 7, 2026. Under Supreme Court Rule 6, a timely notice of appeal should have been filed, at the latest, by February 6, 2026.[1] The Senior Court Clerk of this Court issued a notice directing the appellant to show cause why the appeal should not be dismissed as untimely filed. In response to the notice, the appellant asserts that the Superior Court docket

---

[1] *See* DEL. SUPR. CT. R. 6(a)(i) (providing that a notice of appeal in a civil case shall be filed "[w]ithin 30 days after entry upon the docket of a judgment, order or decree from which the appeal is taken").

does not reflect that the case has been dismissed and that a poor or homeless person cannot achieve justice in the court system.[2]

(2)     Timely filing is a jurisdictional requirement.[3]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[4]  An appellant's status as a self-represented litigant does not excuse a failure to comply strictly with the jurisdictional requirements.[5]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[6]

(3)     The appellant's arguments about the Superior Court docket and her indigency do not demonstrate that the untimely filing is attributable to court-related personnel.[7]  The courts have rules that authorize indigent litigants to initiate or

---

[2] The appellant also asserts that the Court of Common Pleas informed her "on the record" that, "even if an answer is filed untimely," the document would be accepted and the Supreme Court would rule.  This case appears to have originated in the Superior Court, so it is unclear what relevance the Court of Common Pleas has to the matter.  In addition, this Court's Clerk's office accepted the appellant's untimely notice of appeal, and the Court has given her an opportunity to demonstrate why the appeal should not be dismissed for this Court's lack of jurisdiction over untimely filed appeals.

[3] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[4] DEL. SUPR. CT. R. 10(a).

[5] *Rogers v. Morgan*, 2019 WL 168667 (Del. Jan. 10, 2019).

[6] *Id.* (citing *Bey v. State*, 402 A.2d 362, 363 (Del. 1979)).

[7] *See Brousell v. Del. Bd. of Mental Health & Chem. Dependency Professionals*, 2022 WL 552663 (Del. Feb. 23, 2022) (dismissing untimely appeal and stating that the appellant's inability to afford counsel or to pay the appeal filing fee did not show that untimeliness was attributable to court-related personnel).

otherwise participate in court proceedings without the prepayment of filing fees.[8]
The appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b),
that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[8] *Id.*